UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN THOMAS,

                          Plaintiff,

v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

**DECISION AND ORDER**
1:17-CV-0042-LJV-RJA

---

## INTRODUCTION

Plaintiff Brian Thomas ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Disability Insurance Benefits under Title II of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 20 and 25). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **GRANTS** the Plaintiff's motion for remand for the calculation of benefits and **DENIES** the Commissioner's motion.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff had previously been found disabled under the Act from January 9, 2015 to present; however, this lawsuit is for additional benefits for a closed period of disability from January 14, 2011 to January 9, 2015, due to injuries of the spine from two car accidents. Plaintiff argues that the ALJ failed to give "good reasons"

for not affording controlling or great weight to the opinions of Plaintiff's various physicians. (Dkt. 20 at 20-25). Plaintiff additionally argues that the ALJ improperly substituted his lay opinion for that of a physician's opinion, and that the ALJ should have considered Plaintiff's employment after the alleged onset date to be "unsuccessful work attempts." (Dkt. 20 at 13-16). The Court finds that the ALJ failed to properly apply the treating physician rule and remands this case back to the ALJ solely for the calculation of benefits. The Court does not reach the remainder of Plaintiff's arguments.

Plaintiff had been treated by several physicians for various injuries of his spine—injuries established after a car accident on January 11, 2011 and exacerbated by a second car accident on January 10, 2015. The ALJ gave all Plaintiff's physicians and the consultative examiner either "little" weight or did not assign a weight.

More specifically, the ALJ failed to properly consider the 20 C.F.R. § 419.1527(c) factors for treating physician Dr. Strutsovskiy. A treating physician's opinion is entitled to controlling weight if it is well supported by medical findings and is not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). If an ALJ does not give controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treating relationship; (3) clinical or diagnostic evidence supporting the physician's opinion; (4) consistency with other evidence in the record; and (5) the physician's area of specialization; along with any other relevant factors. 20 C.F.R. § 419.1527(c). Where an ALJ fails to apply these factors and provide good reasons for the weight given to the treating physician's opinion, remand is required. *See Thomas v. Colvin*, 302 F.Supp.3d 506, 510-11 (W.D.N.Y. 2018) (citing *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013) (additional citations omitted).

Here, it is not apparent that the ALJ considered the 20 C.F.R. § 419.1527(c) treating-physician factors because he provides only limited explanation not allowing the Court to evaluate whether these factors were properly considered. The ALJ gave treating physician Dr. Strutsovskiy's opinion on Plaintiff's functional limitations regarding the ability to lift and carry occasionally, and the ability to stand and/or walk for up to two hours per day and sit for less than six hours per day, and not push or pull more than ten pounds,

2

"little weight" because Dr. Strutsovskiy had also opined that Plaintiff had no limitation in his activities of daily living and "household contributions." (Tr. 35).

The ALJ indicated that Plaintiff's self-reported activities of daily living included: "a wide range of activities" such as "cooking, cleaning, laundry, shopping, showering, bathing, dressing himself, and "going out." (Tr. 31). However, the ALJ does not explain how—given Dr. Strutsovskiy's opinion on Plaintiff's functional limitations— "the performance of activities of daily living translates into the ability to perform substantial gainful work at appropriate exertional levels in a typical competitive workplace environment." *Miller v. Colvin*, 122 F.Supp.3d 23, 29 (W.D.N.Y. 2015); *see Riechl v. Barnhart*, No. 02-CV-6169 CJS, 2003 WL 21730126 (W.D.N.Y. June 3, 2003) (finding the ALJ's decision to not give controlling weight to opinions of treating physician was not properly explained and was based in part on assumptions by the ALJ that were not supported in the record); *see also* 20 C.F.R. §§ 404.1527(d)(2, 4), 416.927(d)(2).

Moreover, the ALJ gave "little weight" to Dr. Strutsovskiy's response to a letter from the claimant's counsel dated October 17, 2012 to support the physician's opinion on Plaintiff's functional limitations merely "because it was stated in response to a letter from the [Plaintiff's] representative asking for clarification of his [previous] opinion. (Tr. 36, 658). But Dr. Strutsovskiy's response updated the medical records by stating his opinion as of July 15, 2011 that claimant "could sit up to 4 hours [] per day." (Tr. 658). That was two hours per day less that Dr. Strutsovskiy's September 15, 2011 estimate. *See* (Tr. 35). The ALJ's reason for discrediting the treating physician's clarifying opinion by giving it little weight is inadequate. Accordingly, the Court finds that the ALJ's failure to adequately explain why he gave little weight to Dr. Stutsovskiy's opinions as a whole is flawed and does not provide a "good reason" for discounting the opinion of a treating physician.

The Court would last note that none of the medical opinions (apart from neurologist Dr. Arora) in the record significantly contradict each other. Indeed, Drs. Strutsovskiy, Huckell, Tracy, Appel, Croce, and Morgante all opined that Plaintiff was disabled and

could not work. And while the issue of disability is an issue reserved for the Commissioner to decide, the ALJ is still required to properly consider these medical opinions and not discount them solely because they offer an opinion on Plaintiff's ability to work. *See* 20 C.F.R. § 404.1527(d).

## CONCLUSION

Plaintiff originally filed his Title II application for disability insurance benefits on August 11, 2011. This matter has already been previously remanded and has spanned nearly eight years. The Court finds that another remand for further evidentiary proceedings could result in another "substantial, additional delay." *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004). Thus, this matter will be remanded solely for the calculation of benefits for the closed period of January 14, 2011 through January 9, 2015. Plaintiff's motion for remand for the calculation of benefits (Dkt. 20) is granted and the Commissioner's motion for judgment on the pleadings (Dkt. 25) is denied.

**IT IS SO ORDERED.**

             *s/Richard J. Arcara*
             **HONORABLE RICHARD J. ARCARA**
             **UNITED STATES DISTRICT COURT**

**Dated:** May 28, 2019